# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ARLESS LYNN DALTON, JR.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00276 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **GREGORY WINSTON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Arless Lynn Dalton, Jr., Pro Se Plaintiff; Julian F. Harf, Guynn, Waddell, Carroll & Lockaby, P.C., Salem, Virginia, for Defendant.*

The plaintiff, Arless Lynn Dalton, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that the defendant violated his right to due process in disciplinary proceedings. The defendant has filed a Motion to Dismiss, and Dalton has responded. After review of the record, I conclude that the defendant's motion must be granted.

Dalton is confined at the New River Valley Regional Jail.[1] He alleges that on March 7, 2019, he was charged with a jail disciplinary offense for "tampering with safety/security equipment." Compl. 2, ECF No. 6. The Inmate violation report stated that an officer making a security round discovered that "cell B46 wouldn't

---

[1] I have construed and considered as an amendment a later submission Dalton filed that includes documentation of the disciplinary proceedings and appeal. Mot. Amend, ECF No. 10.

lock back." Mot. Amend 2, ECF No. 10. Dalton asserts, "There is no evidence to support a conviction." Compl. 2, ECF No. 6. On March 18, 2019, the disciplinary committee found Dalton guilty of the charged offense, based on its finding that maintenance records showed all doors were in working condition on March 5, 2019, but Dalton's door "had issues" on March 7, 2019. Mot. Amend 2, ECF No. 10. The committee imposed sanctions: "30 days loss good time [and] $75 restitution." *Id.* On appeal, the loss of good time was reduced to 15 days.

Dalton brings his § 1983 Complaint against only one defendant — Gregory Winston. As relief, he seeks to have the disciplinary charge dismissed, to have his good time restored, and to have his "money left alone." Compl. 2, ECF No. 6.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To hold an official liable under § 1983, the plaintiff must state facts that affirmatively show how the officer acted personally to deprive the plaintiff of

constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Supervisory officials may not be held vicariously liable for the unconstitutional conduct of their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Dalton fails to describe any action defendant Winston took that violated his constitutional rights. Thus, the Complaint does not state any § 1983 claim against Winston and may be dismissed on that ground.

Moreover, Dalton's § 1983 claim must be dismissed because he cannot use a § 1983 action to invalidate a disciplinary charge to regain lost good conduct time. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that a § 1983 claim for declaratory relief and money damages was barred, where the "principal procedural defect complained of" — a deceitful and biased decision maker — "would, if established, necessarily imply the invalidity of the deprivation of [Balisok's] good-time credits").

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The success of Dalton's § 1983 claim that the disciplinary committee's actions deprived him of good conduct time without due process protections would necessarily imply the invalidity of the resulting disciplinary conviction and

penalties, including the loss of good time. Therefore, *Balisok*'s favorable termination requirement applies to bar Dalton's § 1983 claim. On the Complaint form, Dalton indicates that he has not filed any other action in state or federal court about the facts in this case.[2] He also provides no evidence that his disciplinary conviction has been invalidated or overturned through administrative proceedings. Accordingly, his § 1983 due process claims for monetary damages or injunctive relief are barred under *Balisok* and *Wilkinson*,[3] and I must dismiss the Complaint.

An appropriate Order will enter herewith.

ENTER: November 8, 2019

/s/ James P. Jones
United States District Judge

---

[2] Because it is clear from the face of the Complaint that Dalton has not pursued his due process claim in state court by filing a petition for a writ of habeas corpus, I also find it clear that he has not exhausted available state court remedies as required to pursue that claim in a federal habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b) (prohibiting federal habeas relief on claims that petitioner failed to present through all available state court remedies). Therefore, I decline to construe and address Dalton's Complaint as a § 2254 petition.

[3] In any event, I cannot find that Dalton suffered a deprivation of due process here. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, when an inmate challenges the sufficiency of the evidence to support his disciplinary conviction, due process requirements are met if there is "some evidence" in the record "that could support the conclusion reached." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985). The disciplinary committee that sanctioned Dalton reached its guilty finding based on "some evidence" in the record — the cell door had been working two days earlier when maintenance checked it and developed issues while Dalton was in that cell. *Id.*